Filed 6/10/21  P. v. Hines CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROSHAUN DONTES HINES,<br><br>    Defendant and Appellant. | F080780<br><br>(Fresno Super. Ct. No. F15904809)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Jonathan M. Skiles, Jonathan B. Conklin, and Kristi Culver Kapetan, Judges.[†]

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

[*] Before Hill, P.J., Levy, J. and Detjen, J.

[†] Judge Penner presided over the Penal Code section 1368 proceedings; Judge Skiles presided over the Penal Code section 1370 proceedings; Judge Conklin presided over the Penal Code section 1372 proceedings; and Judge Kapetan presided over the jury trial, motion to withdraw plea and sentencing hearings.

## INTRODUCTION

Appellant and defendant Roshaun Dontes Hines pleaded no contest to first degree burglary and was sentenced to the indicated term of four years in prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

At approximately 3:58 a.m. on August 3, 2015, officers from the Fresno Police Department responded to a residence on a dispatch about a burglary in process. They met with G.A., who said he was visiting his friend, C.C., at the house, and they had been asleep. G.A. said he woke up because he heard a loud bang coming from the garage and realized someone was trying to get into the house through the door leading from the garage to the house.

G.A. said he got out of bed and woke up C.C. C.C. told G.A. to call 911 and look outside, while C.C. got dressed and loaded his rifle. G.A. called 911 and looked through the kitchen window. He saw a man, later identified as defendant, crawl out of a broken garage window. Defendant turned toward the house, and G.A. saw his face. Defendant fled the area.

The officers found pry marks on the frame of the door leading from the garage to the house, and a shovel with wood and paint on it.

The officers located defendant in an area three houses away. After being advised of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, defendant admitted he climbed over a wall to get onto C.C.'s property and entered the garage through an open door. He used the shovel to try to open the door from the garage into the house but

---

[1] The facts are from the police reports, as summarized in the probation report.

2.

heard noise inside the house. He used the shovel and broke the garage window to escape. G.A. identified defendant during an infield lineup.

## PROCEDURAL BACKGROUND

On July 6, 2016, an information was filed in the Superior Court of Fresno County charging defendant with count 1, first degree burglary (Pen. Code, §§ 459, 460, subd. (a)),[2] with the special allegation that someone other than an accomplice was in the residence (§ 667.5, subd. (c)(21)), and three prior prison term enhancements (§ 667.5, subd. (b)).

On June 21, 2018, the court declared a doubt about defendant's competency pursuant to section 1368, appointed an expert to examine defendant, and suspended criminal proceedings.

On July 19, 2018, the court reviewed the report and found defendant was incompetent to stand trial, and criminal proceedings remained suspended. On August 16, 2018, defendant was committed to the Department of State Hospitals for restoration of competency.

On January 24, 2019, the court reviewed the report from Atascadero State Hospital and found defendant had been restored to competency, and criminal proceedings were reinstated.

On December 16, 2019, defendant pleaded no contest to first degree burglary for an indicated term of four years. The court dismissed the special allegation and the enhancements.

On January 15, 2020, the court sentenced defendant to the midterm of four years in prison. It imposed a restitution fine of $1,200 (§ 1202.4, subd. (b)), suspended the parole revocation fine in the same amount (§ 1202.45); and also imposed a court

---

[2] All further statutory references are to the Penal Code unless otherwise stated.

operations fee of $40 (§ 1465.8) and a criminal conviction fee of $30 (Gov. Code, § 70373). Defendant did not object.

On January 27 and February 10, 2020, defendant filed notices of appeal, but did not request a certificate of probable cause.

## **DISCUSSION**

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on October 28, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.